SAMUEL E. PEABODY *vs.* COUNTY COMMISSIONERS OF ESSEX

Under the Rev. Sts. *c.* 7, § 13, and *St.* 1839, *c.* 139, § 2, ships belonging to a partnership and employed in its business are to be taxed to the partners jointly in the town where their business is carried on, and not separately at their places of residence.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners, refusing to abate a tax assessed by the city of Salem. The case was submitted to the decision of the court upon the following facts:

The petitioner resides in Salem, and is a member of the firm of Curtis & Peabody, merchants, whose place of business is in Boston; Francis Curtis, the other partner, residing in Roxbury. All the property of the partnership is invested in ships and vessels, which are registered in the names of Curtis and Peabody individually, as partowners, conformably to the laws of the United States, although the vessels are regarded and treated as

partnership property. The partnership is taxed in Boston on its joint property. The tax in question was assessed on the petitioner's share in these vessels.

*W. C. Endicott,* for the petitioner. By the Rev. Sts. *c.* 7, § 9, all personal property, except in the cases enumerated in § 10, shall " be assessed to the owner in the town where he shall be an inhabitant." This applies to individuals only, who are to be taxed at their place of residence. By § 13 partners in business are to be " jointly taxed, under their partnership name, in the town where their business is carried on, for all the personal property employed in such business;" thus recognizing that, for the purposes of taxation, a partnership has a place of residence. See *Lee* v. *Templeton,* 6 Gray, 579. This, like other laws governing partnership property, treats it as a whole, without regard to the several interests of the partners.

The *St.* of 1839, *c.* 139, is in amendment of §§ 9, 10, and not of § 13, of *c.* 7 of the Rev. Sts. Section 1 of the *St.* of 1839, concerning stock in trade, enlarges the provisions of *cl.* 1 of the Rev. Sts. *c.* 7, § 10; the provision about horses in § 2 of *St.* 1839 applies to *cl.* 3 of said § 10; and the object of the provision that " all ships or vessels, at home or abroad, shall be taxed to the owners in the towns where they reside;" is to determine where ships shall be taxed, whether at home or abroad, or wherever registered. The general object of the *St.* of 1839, *c.* 139, was to determine by law where property should be taxed, which was movable and not always in the same place, and which was owned by persons who had a place of business, or whose property was sometimes placed or registered in towns other than where they resided. There was no reason for thus legislating for partnership property, with regard to which there were no exceptions in the statute, and no such difficulty could arise.

Section 2 of *St.* 1839, *c.* 139, therefore only provides that ships and vessels shall be taxed where the owner, if an individual, resides; or, if a partnership, has its place of business or statute residence; and thus does not change the law as to the taxation of partnership property.

*I. A. Gillis,* for the respondents. The provision of *St.* 1839,

Hale *v.* Huse.

*c.* 139, § 2, that " all ships and vessels, at home or abroad, shall be taxed to the owners in the towns where they reside," controls § 13 as well as the other sections of the Rev. Sts. *c.* 7, even if ships and vessels are to be regarded as partnership property. Otherwise, it would have no application to ships. See also U. S. St. 1850, *c.* 27, 9 Sts. at Large, 440. There is no authority for the construction that " residence " means " place of business."

By THE COURT. The general rule established by the Rev. Sts. *c.* 7, § 9, is that persons are to be taxed on their personal property in the town of their residence. By § 13 partners are to be taxed as a sole party, and the place of business of partners is likened to the domicil of an individual. Section 2 of the *St.* of 1839, *c.* 139, did not alter this, but provided where movable property, as horses and vessels, should be taxed.

*Writ of certiorari to issue.** [*]

---

* But by *St.* 1859, *c.* 114, " taxes on ships or vessels, owned by a copartnership, shall be assessed to each copartner, to the extent of his interest therein, in the town or city wherein he resides."